NANNIE K. PIERCE ET AL. v. JAMES A. LOGAN ET AL.

(No. 3972.)

EXECUTION.— Levy before and sale after death of debtor. No sale under execution after death of debtor can defeat the right of administrator or executor to the possession and control of property. As to them such sale has no effect.

EXECUTION.— Heir or legatee takes the property subject to the debts, and only gets what is left after administration is had and debts settled.

APPEAL from Lamar county.   Opinion by WATTS, J.

STATEMENT.— Appellees instituted this suit against appellants October 21, 1874. The petition is in the ordinary form of trespass to try title, and seeks to recover five hundred and nineteen acres of land situated in Lamar county. The plaintiffs sued as the children and heirs of Chas. Logan, deceased, who, it is alleged, was the brother and sole heir of Bennett T. Logan, deceased. The latter died in 1844, seized and possessed of the land in controversy; no administration was had upon his estate, and that Chas. Logan inherited the same, and was seized and possessed of the land in controversy in 1846; that plaintiffs, as the only heirs of Chas. Logan, inherited his entire estate, and especially the said land, of which they were lawfully seized, and had the possession until January 1, 1868, at which time the appellants entered upon said land and ejected appellees therefrom, and have and still hold possession

thereof; praying for judgment for the land, etc. Appellants answered March 5, 1875, by general demurrer, not guilty, and general denial. In an amended answer filed October 6, 1877, appellants set up the three, five and ten years' limitation; suggested improvements in good faith; and, by an amendment filed October 15, 1878, appellants claimed title to the land as follows: By and through a judgment in favor of Snowden against Bennett T. Logan rendered in the district court of Lamar county at the September term, 1845, and an execution, levy and sale thereunder the same year, and a purchase of the land at the said sale by one W. W. Williams, and a deed to him by the sheriff, and by mesne conveyance to appellants. Case tried by the judge May 18, 1878, and judgment rendered in favor of appellees for the land and cost of suit, from which this appeal.

OPINION.— Bennett T. Logan was living at the date of the rendition of the judgment and issuance of the execution, but was dead when the sheriff's sale was made at which Williams purchased the land in controversy. The authorities are meagre, conflicting and doubtful as to the effect of such a sale. See Taylor v. Snow, 47 Tex., 467.
. This is not a direct proceeding upon the part of the plaintiffs to have the sheriff's sale vacated and set aside; and to arrive at the conclusions reached below, the court must have held the sale absolutely void. This was erroneous. The sale was made in 1845 and suit begun in 1874, and, as a direct proceeding, came too late.

REVERSED AND REMANDED.

OPINION on motion for rehearing.— Every proposition now urged in support of the motion for rehearing was considered by us in the decision of the case. We then and still regard the case of Conkrite v. Hart as overruled by that of Taylor v. Snow.

At common law, a sale made after the death of the de-

fendant in the judgment was only voidable and not void. This, so far as we are informed, is the rule in all the other states; and the only reason why such sale is considered void as to the executor or administrator in this state is on account of the provisions of the probate law, which prescribes how, by whom, and in what order the debts of the decedent shall be paid. Our probate laws only apply when administration has been opened upon the estate. Where no administration is or can be opened upon the estate, the right of the heirs, as well as the creditors, must be determined by the general principles of law.

With or without administration, the heir takes the inheritance burdened with the debts of the ancestor.

In this case the record not only shows that there has been no administration, but that, from the lapse of time, none could now be had; therefore the provisions of the probate laws could have no application to this case. As remarked in the former opinion, the property was applied to the payment of the ancestor's debts under the former law, but not in the manner prescribed. As to the heir, who was only entitled to the property after the payment of the debts with which it was burdened, such an application was irregular and voidable, and could be vacated and set aside by a direct proceeding instituted by him within a reasonable time. But if an administration had been opened upon the estate subsequent to the sale, that would have put into operation the probate law, and it would relate back to the death of Logan and would take hold of his estate in the very condition in which he left it, and hence the sale which, as to the heir, was only irregular and voidable, would, as against the administrator, be of no effect.

The fact that the purchaser at the sheriff's sale knew that the defendant in the judgment was dead would not affect the question. The sale would be irregular and voidable, but not void, whether he did or did not have knowledge of defendant's death at time of sale.

MOTION REFUSED.